UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES OHLSON, <br><br>               Plaintiff, <br><br>   v. <br><br>STATE OF WASHINGTON, et al., <br><br>               Defendants. | CASE NO.  3:22-CV-5864-JCC-DWC <br><br> REVISED PRETRIAL SCHEDULING ORDER |

The parties have filed a stipulated motion to extend pretrial deadlines. Accordingly, the Court establishes the following revised pretrial schedule:

<u>Initial Disclosure Deadline</u>

As agreed upon in the Corrected Joint Status Report, the deadline for serving initial disclosures is **January 30, 2023**.

(2) <u>Joining of Additional Parties</u>

The deadline for joining additional parities is **March 31, 2023**.

REVISED PRETRIAL SCHEDULING
ORDER - 1

(3)   Discovery

The parties shall conduct discovery according to the Corrected Joint Status Report. Dkt. 8. All discovery shall be completed by **October 24, 2023**.  Service of responses to interrogatories and to requests to produce, and the taking of depositions, shall be completed by this date. Federal Rule of Civil Procedure 33(a) requires answers or objections to be served within thirty (30) days after service of the interrogatories.  The serving party, therefore, must serve his/her interrogatories at least thirty (30) days before the deadline in order to allow the other party time to answer.

(4)   Motion to Compel Discovery

Any motion to compel discovery shall be filed not later than **October 2, 2023**. Before filing a discovery motion, the parties must confer and attempt to resolve their differences. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If unable to resolve their differences, the party filing the discovery motion must, either within the motion to compel or in a separate affidavit attached to the motion to compel, list the date, manner, and participants to the conference. If the moving party fails to include such a certification, the court may deny the motion without addressing the merits of the dispute.  *See* Fed. R. Civ. P. 37; LCR 37(a)(1).

The motion to compel must: (1) list the matters on which the parties were unable to agree; (2) identify the nature and relevance of the documents and materials sought; (3) list the reason(s) why the mandatory initial disclosures were inadequate; and, (4) explain why the discovery sought is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

(5)     Dispositive Motions

Any dispositive motion shall be filed and served on or before **November 21, 2023**. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document.  The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.  Dispositive motions shall be noted for consideration on a date no earlier than the fourth Friday following filing and service of the motion.  LCR 7(d)(3).

All briefs and affidavits in opposition to any motion shall be filed and served pursuant to the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7.  The party making a motion may file and serve a reply to the opposing party's briefs and affidavits.  Any reply brief shall also be filed and served pursuant to the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7.

As the parties did not consent to a magistrate judge, if the case proceeds past dispositive motions, trial dates and deadlines will be set by the Honorable John C. Coughenour, the District Judge assigned to this case.

Dated this 30th day of June, 2023.

David W. Christel
Chief United States Magistrate Judge

REVISED PRETRIAL SCHEDULING
ORDER - 3