UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES OHLSON,

                Plaintiff,

    v.

STATE OF WASHINGTON, et al.,

                Defendant.

CASE NO. 3:22-CV-5864-JCC-DWC

ORDER DIRECTING SUPPLEMENTAL BRIEFING

The District Court has referred this matter filed pursuant to 42 U.S.C. § 1983 and Washington state law to United States Magistrate Judge David W. Christel. On February 27, 2024, Defendants State of Washington, Washington State Department of Corrections, and Thomas Delong (collectively "Defendants") filed a partial Motion for Summary Judgment on Plaintiff's § 1983 claims and his state law outrage claim. Dkt. 25.

In their Motion, Defendants argue, among other things, Plaintiff cannot meet his burden in proving Defendants violated the Eighth Amendment to the United States Constitution, so they are entitled to summary judgment on his § 1983 claims. Dkt. 25 at 8–11. In response, Plaintiff argues he has created genuine issues of material fact as to whether Defendants violated the

1  Eighth Amendment by using excessive force and by exhibiting deliberate indifference to his
2  health and safety. *See* Dkt. 29 at 9–20. Plaintiff also makes arguments akin to an Eighth
3  Amendment sexual harassment/humiliation claim. *See, e.g., id.* at 11. In their reply, Defendants
4  argue Plaintiff pled only excessive force claims and cannot raise new Eighth Amendment claims
5  for the first time in response to summary judgment. Dkt. 32 at 1–2.

6  Defendants are correct Plaintiff cannot raise new claims in response to summary
7  judgment. *Patel v. City of Long Beach*, 564 F. App'x 881, 882 (9th Cir. 2014) ("[A] plaintiff
8  cannot raise a new theory for the first time in opposition to summary judgment.") (citing
9  *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292–93 (9th Cir. 2000)). For example, Plaintiff
10 argues he has created a genuine issue of material fact as to whether Defendants violated his
11 Eighth Amendment rights by withholding food. *See* Dkt. 29 at 7. However, his Complaint
12 includes no mention of food deprivation, so that claim is not properly before the Court. *Patel*,
13 564 App'x at 882.

14 This does not mean Plaintiff failed to raise any other Eighth Amendment claim in his
15 Complaint. Quite the opposite. Plaintiff's Complaint raises two § 1983 claims alleging violations
16 of the Eighth Amendment. *See* Dkt. 1-1. The first alleges Defendants used "excessive force" in
17 violation of the Eighth Amendment when they shoved Plaintiff to the rear of his cell, activated
18 an Electronic Immobilization Device ("EID") shield, and held him to the floor as they cut off his
19 clothing. *Id.* at 6–7. There is no dispute this cause of action fairly encompasses Plaintiff's Eighth
20 Amendment claim based on excessive force.

21 The second is labeled a "cruel and unusual punishment" claim and alleges Defendants
22 "violated the Eighth Amendment by assaulting Plaintiff, refusing to cover the Plaintiff with a
23 towel, forcibly putting a spit mask on the Plaintiff and violating policy 420.255 Emergency
24

ORDER DIRECTING SUPPLEMENTAL
BRIEFING - 2

Restraint Chair and Multiple Restraint Bed." Dkt. 1-1 at 5–6. Although this cause of action could have been more artfully drafted, it is sufficiently broad to encompass an Eighth Amendment claim based on both deliberate indifference and sexual harassment/humiliation.

Because the current briefing does not adequately address Plaintiff's Eighth Amendment claims based on deliberate indifference or sexual harassment/humiliation, the parties are ordered to file the following supplemental briefing addressing the propriety of summary judgment on those claims:

  a. Defendants must file a supplemental brief, limited to 15 pages, on or before April 17, 2024;

  b. Plaintiff must file a supplemental response, limited to 15 pages, on or before April 22, 2024;

  c. Defendants may file an optional reply, limited to 10 pages, on or before April 26, 2024.

The Clerk of Court is directed to re-note the Motion for Summary Judgment (Dkt. 25) for consideration on April 26, 2024. Finally, the parties may file a joint statement by April 3, 2024, apprising the Court on whether this matter should be referred to a settlement judge during the pendency of summary judgment.

Dated this 27th day of March, 2024.

David W. Christel
United States Magistrate Judge