THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES OHLSON,

                Plaintiff,

      v.

STATE OF WASHINGTON, *et al.*,

                Defendants.

CASE NO. C22-5864-JCC

ORDER

This matter comes before the Court on Defendants' motion for partial summary judgment (Dkt. No. 25), the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. No. 41), and Plaintiff's objection to the R&R (Dkt. No. 42). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES the objection, ADOPTS the R&R, and GRANTS Defendants' motion for the reasons explained herein.

## I.    BACKGROUND

The R&R describes the background of this case in detail. (*See* Dkt. No. 41 at 1–5.) To summarize, Plaintiff filed a civil rights action (Dkt. No. 1-1) after a cell extraction incident on the medical floor of Clallam Bay Corrections Center. (*See generally id.*) Plaintiff alleges Defendants' conduct during and following the extraction represents several civil rights violations of a constitutional magnitude. (*Id.*) Plaintiff also contends Defendants violated Washington State

1    law. (*Id.*)  Judge Christel issued a lengthy R&R, recommending that this Court dismiss with

2    prejudice (a) the § 1983 Eighth Amendment claims, (b) a state law claim for the intentional

3    infliction of emotional distress ("IIED"), *i.e.*, outrage, and (c) all claims brought against ten

4    unidentified "Doe" Defendants. (*See generally* Dkt. No. 41.) In addition, Judge Christel suggests

5    the Court decline supplemental jurisdiction on the remaining state law claims. (*Id.*)

6           Plaintiff filed a timely objection. (Dkt. No. 42.) He lodged substantive argument

7    regarding Judge Christel's determination that Plaintiff failed to establish genuine issues of fact

8    precluding judgement as a matter of law on the Eighth Amendment § 1983 and IIED claims. (*See*

9    *id.* at 5–12.) Plaintiff also takes issue with the supplemental briefing schedule Judge Christel

10   imposed prior to issuing the R&R and the Judge's recommendation to this Court that it decline

11   supplemental jurisdiction on any remaining state law claims. (*Id.* at 1–2.) But Plaintiff fails to

12   fully develop or support the latter arguments with citation to authority. (*See generally id.*) As

13   such, they are not properly lodged and need not be considered. *See United States v. Aguilar*, 782

14   F.3d 1101, 1108 (9th Cir. 2015) (courts need not consider argument not supported by citations to

15   authority); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (no review

16   required for improperly lodged objections to an R&R). Therefore, the Court focuses its attention

17   on the § 1983 and IIED claims.

18   **II.    DISCUSSION**

19          **A.    Standard of Review**

20          This Court reviews *de novo* those portions of an R&R to which a party properly objects.

21   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). This allows the district judge to "focus

22   attention on those issues—factual and legal—that are at the heart of the parties' dispute."

23   *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As to Defendants' motion for summary judgment, the

24   Court may only grant it "if the movant shows that there is no genuine dispute as to any material

25   fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making

26   such a determination, the Court must view the facts and justifiable inferences to be drawn in the

1   light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242,

2   255 (1986). Once a motion for summary judgment is properly made and supported, the opposing

3   party "must come forward with 'specific facts showing that there is a genuine issue for trial.'"

4   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R.

5   Civ. P. 56(e)).

6       **B.      Eighth Amendment – Excessive Use of Force**

7           According to Plaintiff, the use of *any* force, given the circumstances here, was excessive,

8   and to the extent at least some force was appropriate, genuine issues of fact preclude a

9   determination whether the amount applied was too much.[1] (*See* Dkt. No. 42 at 5–10.) To resolve

10  this issue, the Court must consider the following: (1) "the threat [to the staff and inmates]

11  reasonably perceived by the responsible officials," (2) "the need for application of force," (3)

12  "the relationship between that need and the amount of force used," (4) "any efforts to temper the

13  severity of a forceful response" and (5) "the extent of injury suffered." *Hudson v. McMillian*, 503

14  U.S. 1, 7 (1992) (internal citation omitted).

15          As to the first argument, Plaintiff does not contend that Judge Christel applied the wrong

16  factors. (*See id.* at 5–10.) Instead, Plaintiff seems to take issue with whether application of the

17  factors here is appropriate. (*Id.*) But, from an Eighth Amendment perspective, the factors apply.

18  This is because they speak to the key question in any excessive force case: Whether the force

19  *actually applied* is malicious and sadistic. *See, e.g.*, *Jordan v. Gardner*, 986 F.2d 1521, 1527 (9th

20  Cir. 1993).

21          As to the second argument, the Court concurs with Judge Christel's conclusion that, as a

22  matter of law, the force actually applied here was not excessive. (*See* Dkt. No. 41 at 6–25.) As

23  _____

24      [1] For Eighth Amendment purposes, whether the use of force is excessive is based on the
    particular facts and circumstances of each case. *See Michenfleder v. Summer*, 860 F.2d 328, 336
25  (9th Cir. 1988). And in determining whether a prison official's use of force is excessive, the core
    inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or
26  maliciously and sadistically to cause harm." *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986).

such, there can be no Eighth Amendment excessive force claim. No genuine issues of fact preclude this finding.

First, it is undisputed Plaintiff exhibited escalating behavior (*e.g.*, urinating on his cell door, kicking the door, and threatening staff) prompting Psychology Associate Nancy Slover to request that an emergency response team remove all items from Plaintiff's cell to avoid self-harm. (*See* Dkt. Nos. 25-2 at 29; 30-3 at 13.) And due to the inherent risks posed by such an activity, Defendant Delong perceived a risk of harm to both Plaintiff and those officers tasked with his extrication. (*See* Dkt. Nos. 25-3 at 53–54 (Expert Report); 25-2 at 71–73 (Fithian Deposition).)

Second, it is black letter law that some measure of force is appropriate when an inmate will not comply with a valid order. *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986); *LaMarie v. Maass*, 12 F.3d 1444, 1453–54 (9th Cir. 1993). Nevertheless, Plaintiff takes issue with Judge Christel's assessment that some force was permissible here, given the fact that Plaintiff "substantially complied" with the order. (Dkt. No. 42 at 7.) As such, (a) no force was necessary and (b) the cases Judge Christel cites on this issue are not factually analogous. (*See id.*) (citing *Whitley*, 475 U.S. at 322 and *LaMarie*, 12 F.3d at 1453–54). But Plaintiff never raised substantial compliance when opposing summary judgment. (*See generally* Dkt. No. 29 and 37.) Therefore, it cannot be raised here. *See Greenhow v. Sec'y of Health & Hum. Servs.*, 863 F.2d 633, 638–39 (9th Cir. 1988) (overruled on other grounds). In addition, it appears to this Court, at least, that Judge Christel only cited to *LaMarie* and *Whitley* as statements of law—not to suggest they are factually analogous. (*See* Dkt. No. 41 at 16.) And the Court finds that, based upon the circumstances of this case,[2] the use of force was constitutionally permissible.

---

[2] Namely, according to video of the incident, Officer Delong notified the extraction team that Plaintiff would first have the opportunity to submit to handcuffs. (*See* Dkt. No. 27) (notice of physical filing—First Restraint Video at 01:01– 02:00). Only if Plaintiff refused to comply would force then be authorized. (*Id.* at 04:29–05:26.)

1          Third, the tactic employed, the shock shield, is a common and accepted method to control

2  a non-compliant inmate. (Dkt. No. 25-3 at 53–55.)[3] Plaintiff argues there is a jury question on

3  this issue, given Director Fithian's testimony that activation of the shield was improper based on

4  (a) Department of Corrections ("DOC") policy and (b) his review of video of the incident. (Dkt.

5  Nos. 25-2 at 71–74; 30-5 at 14–16.) But this speaks to DOC policy, not whether the quantum of

6  force used amounts to an *Eighth Amendment* violation. As such, it is insufficient to establish a

7  genuine issue of fact on that issue.

8          Fourth, it is undisputed that, just prior to the extraction, Officer Delong (a) requested

9  Plaintiff's compliance several times beforehand; (b) he obtained approval for use of the shock

10  shield; and, (c) he ensured that, if activated, the shield would not cause Plaintiff serious harm.

11  (Dkt. No. 25-3 at 56-57.) While Plaintiff did submit evidence suggesting that Officer Delong

12  could have avoided this force altogether, (*see* Dkt. No. 25-2 at 71–73), at best, that evidence

13  neutralizes the fourth factor. It does not establish a genuine issue of fact precluding summary

14  judgment for Defendants on the excessive force claim.

15          Finally, fifth, Plaintiff submitted no evidence of physical injury. (*See generally* Dkt. No.

16  31.) While he did submit evidence of emotional harm, (*id.* at 5), it is not sufficient to establish a

17  genuine issue of fact, as it is a self-serving declaration lacking corroborating support. *See, e.g.*,

18  *F.T.C. v. Publg. Clearing H., Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

19          Separately, Plaintiff objects to Judge Christel's finding that Officer Delong has no

20  supervisor liability for the act of subordinates. (Dkt. No. 42 at 9.) Indeed, a supervisor can be

21  held liable under § 1983 if they "'either (1) [have] personal involvement in the constitutional

22  deprivation, or (2) [if there is] a sufficient causal connection between the supervisor's wrongful

23  _____

24          [3] Plaintiff objected to "having an expert opine on whether force is excessive and violates
the Eighth Amendment." (Dkt. No. 42 at 2.) This objection is based on Fed. R. Evid. 704(a). But

25  Judge Christel did not consider the expert's opinion on the ultimate issue, *i.e.*, whether it was
excessive. (*See* Dkt. No. 41 at 8.) He only did so, as this Court does, to ascertain whether use of

26  the device is consistent with policy and professional norms.

1  conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)

2  (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989)). But because there is no Eighth

3  Amendment excessive force violation, by definition, there could be no supervisor liability. So the

4  Court need not further address this objection.

5        **C.      Eighth Amendment – Deliberate Indifference**

6        According to Plaintiff, his prolonged nudity rose to the level of deliberate indifference on

7  the part of Defendants. (Dkt. No. 42 at 10–11.) Again, the Court disagrees. To establish an

8  Eighth Amendment violation based on a deprivation of basic life necessities, such as clothing, an

9  inmate must prove an objective and subjective element.[4] *Allen v. Sakai*, 48 F.3d 1082, 1083 (9th

10  Cir. 1994).

11        In support, Plaintiff submitted a declaration that being nude in front of other men was

12  "extremely emotionally distressing" and brought up memories of "past sexual trauma and

13  emotional abuse." (Dkt. No. 31 at 2–3.) But, again, this self-serving declaration is not enough to

14  establish a genuine issue of fact. The Ninth Circuit has held that medical evidence of emotional

15  harm is required to support such a claim. *See Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir.

16  2004) (affirming summary judgement on deliberate indifference claim where plaintiff, housed in

17  psychiatric housing, did not submit *medical evidence* demonstrating that officers conduct

18  exacerbated his mental health condition). Plaintiff takes issue with this case because it involved a

19  *pro se* party, suggesting such cases do not make "compelling law." (*See* Dkt. No. 42 at 10.) But

20  Plaintiff cites no authority for this. (*See generally id.*) And in the Court's view, the case

21  accurately describes the relevant legal standard.

22        Moreover, Plaintiff failed to submit evidence that Officer Delong was personally aware

23  of any risk of psychosocial harm posed by Plaintiff's nudity. (*See generally* Dkt. Nos. 29, 37,

24  _____

25        [4] Objectively, a "prison official's acts or omissions must deprive an inmate of 'the
26  minimal civilized measure of life's necessities'" and, subjectively, the prison official must have
   acted with "deliberate indifference" to health or safety. *Id.* at 1087

42.) Whereas Defendants' evidence, including the use of privacy screens at the time of the extraction, (*see* Dkt. No. 27) (notice of physical filing—First Restraint and Second Restraint Videos), suggests a good faith effort to satisfy Plaintiff's basic life necessities, in light of Defendants' penological needs.

### D.     Intentional Infliction of Emotional Distress

Finally, Plaintiff takes issue with Judge Christel's analysis of the IIED claim, arguing it was error to conclude evidence of objective symptomology is required to avoid summary judgment. (*See* Dkt. No. 42 at 11–12) (citing *Kloepfel v. Bokor*, 66 P.3d 630, 633 (Wash. 2003)). Indeed, while evidence of objective symptomology is not required, evidence of severe emotional distress is. *See Kloepfel*, 66 P.3d at 636. And Plaintiff's declaration, (*see* Dkt. No. 31 at 2–3), is insufficient to establish a genuine issue of fact as to whether Plaintiff incurred this level of emotional distress. *See Sutton v. Tacoma Sch. Dist. No. 10*, 324 P.3d 763, 770 (Wash. Ct. App. 2014). Therefore, Judge Christel did not err in recommending dismissal of this claim.

### III.     CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1) The Court OVERRULES Plaintiff's objection (Dkt. No. 42) and ADOPTS the R&R (Dkt. No. 41).

(2) Defendants' motion for partial summary judgment (Dkt. No. 25) is GRANTED.

(3) The Court DISMISSES with prejudice Plaintiff's § 1983 and IIED claims.

(4) The Court *sua sponte* DISMISSES Plaintiff's claims against ten unidentified "Doe" Defendants.[5]

(5) Having dismissed Plaintiff's federal claims, the Court declines supplemental jurisdiction over his remaining state law claims (negligent supervision and training

---

[5] Plaintiff did not object to Judge Christel's recommendation on this issue, which the Court adopts.

and general negligence) and **remands this matter** to the Superior Court of Washington for Thurston County.

(6) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for both sides, and to the Honorable David W. Christel.

DATED this 12th day of August 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C22-5864-JCC
PAGE - 8